UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CIT BANK, N.A.,                                            :
                                                           :   **MEMORANDUM AND ORDER
                    Plaintiff,                             :   ADOPTING REPORT AND
                                                           :   RECOMMENDATION**
         -against-                                         :
                                                           :   16-CV-5772 (DLI) (RML)
PAMELA SCHIFFMAN, *et al.*,                                :
                                                           :
                    Defendants.                            :
                                                           :
------------------------------------------------------------ x

**DORA L. IRIZARRY, Chief United States District Judge:**

On October 17, 2016, Plaintiff CIT Bank, N.A. ("Plaintiff") commenced this mortgage foreclosure action involving the premises located at 2122 New York Avenue, Brooklyn, New York 11210 (the "Mortgaged Premises"), against Pamela and Jerry Schiffman ("Individual Defendants"), JPMorgan Chase, N.A. ("Defendant Chase"), and the New York City Parking Violations Bureau. *See* Compl., Dkt. Entry No. 1. On September 19, 2017, the Court granted Plaintiff's motion for partial default judgment against the New York City Parking Violations Bureau. *See* Order Adopting Report and Recommendation, dated Sept. 19, 2017.

On February 28, 2018, Plaintiff moved for summary judgment ("Plaintiff's Motion") against the Individual Defendants. *See* Mot. for Summary Judgment ("SJM"), Dkt. Entry No. 30. The Court referred Plaintiff's Motion to the Honorable Robert M. Levy, United States Magistrate Judge, for a Report and Recommendation ("R&R") on April 13, 2018. The magistrate judge issued the R&R on August 24, 2018, recommending that Plaintiff's Motion be granted against the Individual Defendants, default judgment be entered against Defendant Chase, and Plaintiff be awarded costs, assessed against the Individual Defendants, in the amount of $1,104. *See* R&R, Dkt. Entry No. 37 at 16. The magistrate judge further recommended that the Court direct Plaintiffs

1

to submit: (i) affidavits and supporting documentation sufficient for the Court to determine the amount due under a consolidated note, as well as any additional supporting documentation Plaintiff has regarding attorney's fees, and (ii) a revised proposed judgment of foreclosure and sale. *See Id.* On September 6, 2018, the Individual Defendants timely objected to the R&R. *See* Objection to R&R ("Objection"), Dkt. Entry No. 38.

The Court incorporates herein the summary of facts as set forth in the thorough and well reasoned R&R. *See* R&R at 1-4. The Court has reviewed the R&R *de novo* with respect to the Individual Defendants' objections, and has reviewed the remainder of the R&R for clear error. Upon due consideration and review, the Individual Defendants' objections are overruled and the R&R is adopted in its entirety.

## DISCUSSION

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects. *See* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting

*Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted).

After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). Where a party does not object to a portion of the R&R, the Court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen corp.*, 967 F. Supp.2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)).

**I.      Default Judgment Against Defendant Chase**

Defendant Chase is the holder of a second mortgage on the Mortgaged Premises. Defendant Chase's counsel attended an initial conference before the magistrate judge on June 5, 2017 and stated that Defendant Chase did not intend to file an answer or participate in discovery. *See* Minute Entry, dated June 5, 2017. Since Defendant Chase did not answer or move with respect to the complaint, the magistrate judge recommends that this Court enter a default judgment against Defendant Chase and that Defendant Chase be barred and foreclosed of all right, claim, lien, title, interest, and equity of the Mortgaged Premises. *See* R&R at 2, n.3. No objections to that recommendation have been filed. Upon due consideration, the Court finds no clear with respect to that recommendation and adopts it. Accordingly, default judgment shall be entered against Defendant Chase.

## II.   Individual Defendants' Objections

The Individual Defendants object to the R&R on two grounds.  First, they contend that the magistrate judge failed to apply the proper legal standard to find that Plaintiff complied with New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 notice requirements in the R&R.  *See* Objection at 2-5.  Second, the Individual Defendants contend that the magistrate judge failed to address uncontested facts demonstrating that Plaintiff failed to prove compliance with RPAPL § 1306 filing requirements.  Both objections are overruled.

### A.   Compliance with RPAPL § 1304 Notice Requirements

RPAPL § 1304 requires that a lender, assignee, or mortgage loan servicer transmit a notice containing prescribed content to the borrower at least ninety days prior to commencing a legal action for mortgage foreclosure.  *See* N.Y. Real Prop. Acts. Law § 1304.  The statute provides, *inter alia*, that the notice must be transmitted "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage."  *Id.*

The Individual Defendants contend that the magistrate judge overlooked the legal standard for determining whether the affidavit regarding CIT's mailing of the required ninety-day notice was sufficient to prove compliance with RPAPL § 1304.  *See* Objection at 2-5.  They argue that the magistrate judge failed to apply the standard discussed in *CitiMortgage, Inc. v. Pappas*, which provides that, to prove compliance with RPAPL § 1304 requirements by affidavit, the affiant must "aver that he [or she was] familiar with the plaintiff's mailing practices and procedures" to "establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed." 147 A.D.3d 900, 901 (2d Dep't 2017) (citations omitted).

4

The magistrate judge noted that Plaintiff provided an affidavit from Rachel Hook (the "Hook Affidavit"), an employee of CIT Bank. S*ee* Hook Affidavit, Exh. B to the Rosenfeld Affidavit in Support of SJM ("Hook Affidavit"), Dkt. Entry No. 31-32; R&R at 11-12. The Individual Defendants contend that the Hook Affidavit is insufficient because Plaintiff did not provide proof of mailing such as a stamped mail receipt. *See* Objection at 3-4. However, the Individual Defendants provided no case law in support of its argument that, when a plaintiff submits an affidavit based on personal knowledge and a review of plaintiff's business records to demonstrate satisfaction of RPAPL § 1304, the plaintiff also must provide proof of mailing by the post office. *U.S. Bank N.A. v. Henry*, cited by the Individual Defendants, actually undercuts their argument because the court there held that an affidavit that provides proof of standard mailing procedure is sufficient under RPAPL § 1304. 157 A.D.3d 839, 841-42 (2d Dep't 2018) ("The plaintiff failed to submit an affidavit of service *or* any proof of mailing by the post office demonstrating that it properly served the defendant pursuant to the terms of the statute.") (citations omitted) (emphasis added).

The Hook Affidavit meets the requirements discussed in *CitiMortgage*. The Hook Affidavit provides:

> As a standard business practice and procedure, the 90 Day Notice, a current list of at least five housing counseling agencies serving the county where the property is located, and envelopes for both certified and first-class mail are created upon default. The envelopes are addressed, from the data stored in CIT's business records, with the borrower(s)' last known address and the address of the residence of the residence that is subject to the Mortgage. The 90 Day Notices and list of housing counseling agencies are enclosed, separate from any other notice, in both the certified and first-class mail, postage prepaid envelopes. The envelopes are sealed and provided to the United States Post Office for Mailing.

Hook Affidavit ¶ 8. The Hook Affidavit establishes that Ms. Hook was familiar with CIT's mailing practices. *See* Hook Affidavit ¶ 6 ("Based on my training and knowledge, I am

familiar with CIT's standard practices and procedures used to create, mail and store data regarding the 90 day pre-foreclosure notice . . . required by New York . . ."). The Hook Affidavit also sets forth CIT's standard mailing procedure, which includes mailing the documents by both certified and first class mail in postage prepaid envelopes through the United States Post Office.

Plaintiff has demonstrated sufficiently that it complied with RPAPL § 1304. Accordingly, the Individual Defendants' objection is overruled.

### B. Compliance with RPAPL § 1306 Filing Requirements

The Individual Defendants also maintain that, contrary to the magistrate judge's findings, Plaintiff failed to satisfy the requirements of RPAPL § 1306 as to defendant Jerry Schiffman. RPAPL § 1306 requires that a lender, assignee, or mortgage loan servicer file with the superintendent of financial services the ninety-day notice required by RPAPL § 1304 within three business days of the mailing of that notice. *See* N.Y. Real Prop. Acts. Law § 1306. As stated in the R&R, and noted in Plaintiff's submissions, Plaintiff provided a Proof of Filing Statement from the New York Department of Financial Services. *See* Exh. G to the Rosenfeld Affidavit in Support of Motion for Summary Judgment, Dkt. Entry No. 31-7. Accordingly, the Individual Defendants' objection is overruled.

### III. Additional Documentation from Plaintiffs

Plaintiff seeks $445,096.55 as the amount due on the Note, which, tabulated by Plaintiff, consists of: (i) $267,738.00 in unpaid principal; (ii) $134,510.24 in Non-Interest Second Principal; (iii) $13,847.80 in the interest accrued from November 1, 2014 to June 2, 2017 at a rate of two percent per annum; (iv) $32.94 in pre-acceleration later charges; (v) $28,443.57 in escrow advances; (vi) $99.00 for property preservation and inspections; and (vii) $425.00 for broker's

6

price options. *See* Exh. P to the Rosenfeld Affidavit in Support of SJM, Dkt. Entry No. 31-16. Although the magistrate judge found that Plaintiff is entitled to the damages requested in each of the alleged categories, the magistrate judge could not recommend a specific damages award on the current, inadequate record. *See* R&R at 13-14. Plaintiffs have not objected to this finding. This Court agrees with the magistrate judge that Plaintiff has not provided documentation sufficient to support its entitlement to the amount of damages sought. Accordingly, Plaintiff is directed to submit to the Court, no later than October 30, 2018, (i) affidavits and supporting documentation sufficient for the Court to determine the amount due under a consolidated note, as well as any additional supporting documentation regarding attorneys' fees, and (ii) a revised proposed judgment of foreclosure and sale.

## CONCLUSION

Upon due consideration and for the reasons discussed above, the Individual Defendants' objections to the R&R are overruled and the R&R is adopted in its entirety. Accordingly, default judgment is hereby entered as to Defendant Chase and Defendant Chase is barred and foreclosed of all rights, claims, liens, title, interest, and equity of the Mortgaged Premises. Plaintiff is ordered to provide additional documentation regarding the specific damages amount and attorneys' fees, in accord with this Order, no later than October 30, 2018.

SO ORDERED.

DATED: Brooklyn, New York
         September 30, 2018

/s/<br>
DORA L. IRIZARRY<br>
Chief Judge