UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CIT BANK, N.A.,

                     Plaintiff,               REPORT AND
                                                                RECOMMENDATION

   -against-                                              16 CV 5772 (DLI)(RML)

PAMELA SCHIFFMAN, *et al.*,

                     Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated June 8, 2021, the Honorable Dora L. Irizarry, United States District Judge, referred the calculation of damages regarding plaintiff's motion for summary judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's requested award be granted.

## BACKGROUND AND FACTS

        I assume familiarity with the underlying facts and proceedings in this matter. On January 17, 2018, plaintiff CIT Bank, N.A. ("plaintiff") moved for summary judgment and judgment of foreclosure and sale against defendants Pamela Schiffman, Jerry Schiffman (together, the "individual defendants"), and JPMorgan Chase (collectively, "defendants"). (Motion for Summary Judgment, dated Jan. 16, 2018, Dkt. No. 30.) Judge Irizarry referred that motion to me, and on August 24, 2018, I recommended that plaintiff's motion for summary judgment against the individual defendants be granted and that a default judgment be entered against JPMorgan Chase. (Report and Recommendation, dated Aug. 24, 2018, Dkt. No. 37.) In order to effectuate the foreclosure and sale of the Property, I recommended that plaintiff be directed to submit (i) affidavits and supporting documentation sufficient for the court to determine the amount due under the Note, as well as any additional supporting documentation

plaintiff would like to provide regarding its request for attorney's fees, and (ii) a revised proposed judgment of foreclosure and sale. (Id.) On October 3, 2018, Judge Irizarry adopted the Report and Recommendation and directed plaintiff to provide additional documentation regarding damages and attorney's fees. (See Order Adopting Report and Recommendations, dated Oct. 3, 2021.) On October 31, 2018, defendants appealed the decision. (See Notice of Appeal, dated Oct. 31, 2018, Dkt. No. 41.) On May 28, 2021, the Second Circuit affirmed this court's order granting plaintiff's motion for summary judgment. (See Order, dated May 28, 2021, Dkt. No. 48.)

Following the Second Circuit decision, Judge Irizarry referred the calculation of damages and attorney's fees to me for report and recommendation. (Id.) In addition to the documentation plaintiff filed on November 29, 2018 (see Supplementation Affirmation, dated Nov. 29, 2018, Dkt. No. 42), Judge Irizarry directed plaintiff to submit contemporaneous attorney time records as well as the names and resumes of three proposed referees by June 21, 2021. (See Order, dated June 8, 2021.)

On June 15, 2021, plaintiff withdrew its request for attorney's fees. (See Status Report, dated June 15, 2021, Dkt. No. 46.) Accordingly, plaintiff's motion for attorney's fees was unreferred and terminated. (Order, dated July 9, 2021.) Judge Irizarry again referred the calculation of damages to me for report and recommendation and directed plaintiff to provide the court with a revised proposed judgment of foreclosure and sale by July 23, 2021.[1] (Id.) Plaintiff filed a revised proposed judgment on July 22, 2021. (Proposed Judgment of Foreclosure and Sale, dated July 22, 2021, Dkt. No. 51.)

---

[1] The court also appointed Leonard Spector, Esq. as a referee to effectuate the foreclosure and sale. (See Order, dated July 9, 2021.) The court advised the referee to take no action until the issuance of a judgment of foreclosure and sale. (Id.)

On October 26, 2021, this action was stayed because the parties advised the court that the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 applied to this case. (See Order Staying Case, dated Oct. 26, 2021.) I was directed to issue my report and recommendation after the stay was lifted on January 15, 2022. (Id.)

## DISCUSSION

Pursuant to section 1321 of New York's Real Property Actions and Proceedings Law, this court has the authority to compute the amount owed to plaintiff. N.Y. REAL PROP. ACTS. LAW § 1321 (McKinney). It is not necessary for this court to hold an evidentiary hearing on damages when there is an otherwise adequate basis for the award. U.S. Bank Trust, N.A. v. Dingman, No. 16 CV 1384, 2016 WL 6902480, at *4 n.8 (S.D.N.Y. Nov. 22, 2016). Detailed affidavits and other documentary evidence can be a sufficient basis to compute damages. Onewest Bank, N.A. v. Cole, No. 14 CV 3078, 2015 WL 4429014, at *3 (E.D.N.Y. July 17, 2015); E. Sav. Bank, FSB v. Beach, No. 13 CV 341, 2014 WL 923151, at *9 (E.D.N.Y. Mar. 10, 2014); see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997).

Plaintiff seeks $445,096.55 in damages. (Affirmation of Steven Rosenfeld, Esq., dated Nov. 29, 2018 ("Rosenfeld Aff."), Dkt. No. 42, ¶ 10.) This amount consists of: (1) $402,248.24 in unpaid principal; (2) $13,847.80 in unpaid accrued interest; (3) $524 in recoverable costs for property preservation and inspections as well as broker's price opinions; (4) $28,443.57 in escrow advances; and (5) $32.94 in late charges. (Id. ¶¶ 5-8, 10.) Under the terms of the Note and Mortgage, plaintiff is entitled to each of these categories of damages. (Note, dated Mar. 26, 2008, annexed as Ex. A to the Complaint, dated Oct. 13, 2016, Dkt. No. 1,

§ 6(A)-(E); Mortgage, dated Mar. 26, 2008, annexed as Ex. D to the Affirmation of Regularity of Steven Rosenfeld, Esq., dated Jan. 16, 2018, Dkt. No. 31-4, §§ 3-5, 7, 11.)

In support of the claimed amount due, plaintiff has provided a supplemental affirmation from its attorney, Steven Rosenfeld. (See Rosenfeld Aff.) Plaintiff has also provided copies of the previously filed affidavit of Michelle Nicole Ray, the Assistant Secretary of CIT Bank N.A.; plaintiff's records of the Corporate Advance History breakdown, the Account History Record table, and the Mortgage Loan History; and the Loan Modification. (See Affidavit of Michell Nicole Ray, sworn to June 13, 2017 ("Ray Aff."), attached as Ex. C to the Rosenfeld Aff, Dkt. No. 42-1; Plaintiff's Records, attached as Ex. E to the Rosenfeld Aff., Dkt. No. 42-1; Loan Modification, attached as Ex. F to the Rosenfeld Aff., Dkt. No. 42-1.)

1. Unpaid Principal

Plaintiff seeks $402,248.24 in unpaid principal. (Rosenfeld Aff. ¶ 8.) Plaintiff states that $267,738 is owed in interest bearing unpaid principal and $134,510.24 is owed in deferred principal. (Id.; see also Ray Aff. ¶ 10.)

Since the loan modification came into effect, a principal curtailment of $3,480 and two short payments of $376.74 and $376.12 were applied to the principal. (Rosenfeld Aff. ¶ 9; Ex. E at 35-36.) These three amounts account for the difference between the modified principal balance of $406,481.10 (see Ray Aff. ¶ 3) and plaintiff's claimed unpaid principal of $402,248.24 (see Rosenfeld Aff. ¶¶ 8, 10).

Having reviewed the submitted documents, I find that the records support and are consistent with the calculations in plaintiff's affidavits. I therefore respectfully recommend that plaintiff be awarded $402,248.24 in unpaid principal.

4

2. <u>Interest</u>

Plaintiff seeks $13,847.80 for the interest that accrued from November 1, 2014 through June 2, 2017 on the interest bearing unpaid principal balance of $267,738. (Rosenfeld Aff. ¶ 10.) The interest rate under the loan modification is set at two percent. (<u>Id.</u>; <u>see also</u> Loan Modification § 3(C).) Plaintiff calculated the accrued monthly interest as $446.23[2] and the per diem amount as $14.87.[3] (Rosenfeld Aff. ¶ 11.) Plaintiff arrived at the amount of interest due by totaling the thirty-one months of interest that accrued between November 1, 2016 and June 1, 2017 plus the one day of interest that accrued between June 1, 2017 and June 2, 2017.[4] (<u>Id.</u>) Based on these calculations, the amount of interest due is $13,848. (<u>Id.</u>) Plaintiff notes that the calculated amount is "just over the amount sought" in the Ray Affidavit and, therefore, plaintiff submits it should be awarded the lower amount of $13,847.80 as set forth in the Ray Affidavit. (<u>Id.</u>; <u>see</u> also Ray Aff. ¶ 10.)

I find plaintiff's interest calculations to be complete and accurate. Accordingly, I respectfully recommend that plaintiff be awarded the requested $13,847.80 in interest.

3. <u>Recoverable Costs</u>

Plaintiff also seeks $524 in recoverable costs. (Rosenfeld Aff. ¶ 5.) Specifically, plaintiff claims $425 for broker price opinions and $99 for property inspections. (<u>Id.</u>) Plaintiff provided an itemized list of recoverable costs in the Corporate Advance History record breakdown. (<u>See</u> Ex. E at 1-3.) Plaintiff submits that from November 1, 2016 to June 2, 2017, costs were entered pertaining to broker price opinions on July 9, 2015, January 11, 2016, July 8, 2016, November 9, 2016, and March 3, 2017. (Rosenfeld Aff. ¶ 5; <u>see also</u> Ex. E at 1-3.)

---

[2] (.02 rate / 12 months) * $267,738 interest bearing unpaid principal = $446.23 monthly interest
[3] $446.23 monthly interest / 30 days = $14.87 per diem amount
[4] ($446.23 * 31) + ($14.87) = $13,848 in interest due

5

Plaintiff also submits that during the relevant time period, there were nine inspections for which the $11.00 charge was recoverable. (Id.) My review of the submitted records confirms that entries total to $425 in costs for broker price opinions and $99 in costs for property inspections. Therefore, I respectfully recommend that plaintiff be awarded a total of $524 for recoverable costs.

    4. <u>Escrow Advances</u>

Plaintiff further seeks $28,443.57 for escrow advances. (Rosenfeld Aff. ¶ 6.) Plaintiff notes that the Account History Record table (<u>see</u> Ex. E at 4-11) itemizes the city tax disbursements and insurance advances, which account for the escrow advances. (Rosenfeld Aff. ¶ 6.) Upon reviewing the Account History Record table, I find that the records support and are consistent with the amount of escrow advances in plaintiff's affidavits. I therefore respectfully recommend that plaintiff be awarded $28,443.57 for escrow advances.

    5. <u>Late Charges</u>

Finally, plaintiff seeks $32.94 for late charges. (Rosenfeld Aff. ¶ 7.) Plaintiff explains that while there were eleven late charges of $16.47 from the date of default until the commencement of this action on October 17, 2016, it is only seeking payment for two of the late charges. (<u>Id.</u>; <u>see also</u> Ex. E at 4-11.) Accordingly, I respectfully recommend that plaintiff be awarded $32.94 in late charges.

## CONCLUSION

For the reasons explained above, I respectfully recommend that plaintiff's damages be computed as follows: $402,248.24 in unpaid principal, $13,847.80 in accrued interest, $524 in recoverable costs, $28,443.57 in escrow advances, and $32.94 in late charges, for a total of $445,096.55.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Irizarry and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
February 16, 2022