```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CIT BANK, N.A.                                  :
                                                :
                    Plaintiff,                  :
                                                :
          -against-                             :      MEMORANDUM AND ORDER
                                                :      ADOPTING REPORT
PAMELA SCHIFFMAN, et al.,                       :      AND RECOMMENDATIONS
                                                :      16-cv-5772 (DLI) (RML)
                    Defendants.                 :
-------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On February 16, 2022, the Honorable Robert M. Levy, United States Magistrate Judge of this Court, issued a Report and Recommendations ("R&R") recommending that Plaintiff CIT Bank, N.A. ("Plaintiff") be awarded damages in a total amount of $445,096.55 in this mortgage foreclosure action involving the premises located at 2122 New York Avenue, Brooklyn, New York 11210 against Defendants Pamela Schiffman and Jerry Schiffman ("Defendants"). On March 2, 2022, Defendants filed objections to the R&R. *See*, Defs. Objs. to the R&R ("Defs. Objs."), Dkt. Entry No. 55. Plaintiffs did not respond to Defendants' objections. For the reasons set forth below, Defendants' objections are overruled and the R&R is adopted in its entirety.

## STANDARD OF REVIEW

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects. *See*, Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation

marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted).

On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)). "In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Ferreira v. Carranza*, 2022 WL 34610, at *2 (E.D.N.Y. Jan. 4, 2022) (quoting *United States v. Gladden*, 394 F. Supp.3d 465, 480 (S.D.N.Y. 2019)).

After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## **DISCUSSION**

The Court presumes the parties' familiarity with the R&R and underlying proceedings. Defendants object to the R&R, claiming that Plaintiff's documentation submitted in support of damages was not authenticated properly. Specifically, Defendants challenge the authenticity of the Corporate Advance History breakdown, Account History Record table, and Mortgage Loan History (collectively "Account Records") and Loan Modification, all annexed to the affirmation of Plaintiff's counsel, Steven Rosenfeld, Esq. ("Rosenfeld"). *See*, Account Records, Ex. E to the Rosenfeld Aff., Dkt. Entry No. 42-1; Loan Modification, Ex. F to the Rosenfeld Aff., Dkt. Entry

No. 42-1. Defendants argue: (1) Rosenfeld could not authenticate any records as he lacked personal knowledge of the facts surrounding the underlying mortgage loan; and (2) the affidavit of Michelle Ray, Plaintiff's corporate Assistant Secretary, which summarizes the claimed damages, does not authenticate the challenged documents as the Ray Affidavit does not reference the Account Records or attach any of the underlying documents on which it relies. Defendants do not dispute the accuracy of the magistrate judge's damages calculations based on the records provided by Plaintiff.

As an initial matter, Defendants failed to raise their evidentiary concerns in a timely manner in response to Plaintiff's submission of the Rosenfeld Affirmation, Ray Affidavit, and attendant documents to the magistrate judge. In fact, Defendants failed to respond or object at all to Plaintiff's submissions while the matter was under consideration by the magistrate judge. On this basis alone, Defendants' objections are improper and untimely. *See*, *Ferreira*, 2022 WL 34610, at *2.

Moreover, Defendants' failure to object timely also constituted a waiver of their evidentiary objections. *See*, *e.g.*, *Atl. Specialty Ins. Co. v. Coastal Envtl. Grp.*, 368 F. Supp.3d 429, 450 (E.D.N.Y. 2018) ("When Coastal sought to introduce this exhibit through Spencer, Atlantic did not object that the third-party invoices and charges were not authenticated. . . . Thus, Atlantic waived any objection to the[ir] authenticity."). Thus, Defendants waived their objections.

Even if Defendants' objections were properly before the Court, they would fail because the documents were authenticated sufficiently. "[P]roof of authentication may be direct or circumstantial." *United States v. Vayner*, 769 F.3d 125, 130 (2d Cir. 2014) (quoting *United States v. Al-Moayad*, 545 F.3d 139, 172 (2d Cir. 2008)). The "type and quantum" of necessary evidence to authenticate "will always depend on context." *Id.* (quoting *United States v. Sliker*, 751 F.2d

3

477, 488 (2d Cir. 1974)).  Authenticity may be established in different ways, such as through "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances."  Fed. R. Evid. 901(b)(4).

The Loan Modification is self-authenticating.  As submitted, it is attached to the recorded filing made with the New York City Department of Finance, which bears the appropriate seal and signature of a government official.  Thus, it is a self-authenticating public document.  *See*, Fed. R. Evid. 902(1).  Additionally, the actual Loan Modification, signed by both Defendants, is admissible as a statement of a party opponent and as a document that affects an interest in property.  Fed. R. Evid. 801(d), 803(14).  Therefore, the Loan Modification, which sets out the modified principal balance, interest rates, and additional terms of the loan on which the Rosenfeld Affirmation, Ray Affidavit, and the magistrate judge relied, is admissible.

The relevant circumstances support the authenticity of the Account Records, which bear sufficient indicia that they are what Plaintiff claims them to be.  The Corporate Advance History breakdown and the Account History Record table identify the borrower, property address, and principal balance for the underlying loan.  Both documents also provide line item details including the date and description of each transaction listed.  The Mortgage Loan History also provides over fifty pages of screen prints documenting payments, principle, interest, and related fees over the applicable time period.  It is clear that the amounts reflected in the Account Records correspond to the summary provided in the Ray Affidavit and as discussed in the Rosenfeld Affirmation.  In short, these documents "look exactly as one would expect in the circumstances and the documents . . . appear consistent with the other documents" provided.  *Atl. Specialty Ins. Co.*, 368 F. Supp.3d at 450.

Defendants do not suggest that Plaintiff's records are inaccurate, doctored, or unreliable

and the Court finds nothing suspicious on their face. *See*, *Id.* The Account Records also were submitted as part of Plaintiff's counsel's affirmation, which might be insufficient for authentication on its own, but when considered in context, supports the authenticity of the documents. *Cf.*, *A&B Alt. Mktg., Inc. v. Page Food Dist. Corp.*, 2019 WL 7194431, at *1 (E.D.N.Y. Dec. 26, 2019) (on motion for default judgment, "plaintiff has submitted the declaration of its attorney, which authenticates the invoices annexed to the complaint and again to his affidavit"). Therefore, in light of the totality of the circumstances, the Court finds that the Account Records were authenticated.

As to the Ray Affidavit, it is unclear whether, on its own, it would overcome the rule against hearsay as the summary of damages provided is based on a review of unspecified business records belonging to Plaintiff in addition to the Loan Modification and underlying Promissory Note. It is apparent that, based on the amounts reflected, at least some of the records reviewed by Ray included the Account Records provided by Plaintiff, in which case the Ray Affidavit might qualify as a summary of voluminous records. *See*, Fed. R. Evid. 1006. However, it is clear that the magistrate judge minimally relied on the Ray Affidavit, and, instead, undertook an independent review of the underlying loan documents, including the Account Records and Loan Modification, in calculating Plaintiff's damages. Thus, even if the Ray Affidavit was not admissible evidence, that would not affect the validity of the magistrate judge's findings.

The cases on which Defendants rely are distinguishable from the facts of this case. *See*, *OneWest Bank, N.A. v. Vaval*, 2016 WL 3945342, at *2-4 (E.D.N.Y. July 19, 2016) (court could not award damages because plaintiff failed to support the summary of damages prepared by an authorized signatory with supporting documents); *OneWest Bank, N.A. v. Hawkins*, 2015 WL 5706945, at *8 (E.D.N.Y. Sept. 2, 2015) (court could not establish unpaid principal based on an

affidavit of an authorized signatory and a singular "screen-print" that summarized loan payoff calculations). Here, Plaintiff has provided the supporting documentation that was lacking in *Vaval* and *Hawkins*, namely, the Account Records and Loan Modification.

Having duly considered Defendants' objections *de novo*, they are overruled. The Court does not find any clear error in the thorough, detailed, and well reasoned R&R. Accordingly, the Court adopts the R&R in its entirety.

## **CONCLUSION**

For the foregoing reasons, Defendants' objections are overruled and the R&R is adopted in its entirety. Accordingly, Plaintiff is awarded damages computed as follows: $402,248.24 in unpaid principal, $13,847.80 in accrued interest, $524 in recoverable costs, $28,443.57 in escrow advances, and $32.94 in late charges, for a total of $445,096.55.


SO ORDERED.

Dated: Brooklyn, New York
      March 29, 2022

/s/
DORA L. IRIZARRY
United States District Judge